UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 25-3800 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 29, 2025, Minute Order, the Parties conferred and respectfully submit the following status report on this Freedom of Information Act ("FOIA") case:

1.     Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") on September 22, 2025, seeking "any audio and video files made by the FBI in September 2024 of Thomas Douglas Homan; any transcripts of these recordings; FBI FD-302 reports, agent notes from witness interviews, and any FBI memos (e.g. letterhead memorandums, memorandums for the record, close-out memos) that are association with this case involving Homan." ECF No. 1 at 7.

2.     On December 31, 2025, the FBI issued a final response in this case. The FBI issued a categorical denial pursuant to exemptions 6 and 7(C) for FBI FD-302 reports, agent notes from witness interviews, and memos, and issued a *Glomar* response pursuant to exemptions 6 and 7(C) for audio and video file and any transcripts of the records.

3.     The parties have met and conferred. Plaintiff advised that it is challenging the FBI's search, the *Glomar* response, and the 6 and 7(C) categorical denial.

4.    The parties have agreed to, and respectfully ask the Court to permit, bifurcated briefing on the 6 and 7(c) categorical denial. While the FOIA allows the FBI to properly withhold documents on a categorical basis, the FOIA generally requires agencies to invoke all applicable exemptions at the same time. *See Maydak v. Dep't of Just.*, 218 F.3d 760, 764-65 (D.C. Cir. 2000); *see also Leopold v. Dep't of Just.*, 301 F. Supp. 3d 13, 26 (D.D.C. 2018). In this case, however, requiring FBI to undertake a full, line-by-line review of documents withheld in full under Exemptions 6 and 7(C) and to assert other overlapping exemptions would substantially increase the processing time for responsive records in this case. Bifurcating briefing allows the parties to propose a briefing schedule regarding the documents withheld under Exemption 6 and 7(C) as well as the *Glomar* and search issues now. Bifurcation would avoid the need to expend the significant time and resources required for the parties to brief and for the Court to decide complex issues regarding exemption claims that may turn out to be superfluous. For that reason, it is in the parties' and the Court's interest to allow FBI to initially assert Exemptions 6 and 7(C) over the responsive records that FBI believes are subject to withholding in full under that exemption, while preserving the FBI's right to assert at a later date other underlying exemptions over the same documents, should the Court ultimately determine that Exemptions 6 and 7(C) do not apply. This Courts has previously approved such a request. *See Leopold v. Dep't of Justice*, Civ. A. No. 22-1921 (BAH) (July 11, 2023, Minute Order). Consistent with this well-established and sensible practice, the FBI respectfully requests an order making clear that FBI may initially brief summary judgment for the responsive records only for the application of Exemptions 6 and 7(C), the application of *Glomar*, and the adequacy of the FBI's search without forfeiting its ability to later assert other exemptions over the same documents if necessary.

5.      The parties respectfully propose the following briefing schedule for further proceedings.

| Events | Proposed Deadlines |
| --- | --- |
| Defendants' Motion for Summary Judgment | May 6, 2026 |
| Plaintiff's Opposition/Cross-Motion | June 5, 2026 |
| Defendants' Reply/Opposition to Cross-Motion for Summary Judgment | July 6, 2026 |
| Plaintiff's Reply | July 27, 2026 |

Dated: February 27, 2026                    Respectfully submitted,

/s/ Anne L. Weismann                         JEANINE FERRIS PIRRO
ANNE L. WEISMANN                         United States Attorney
D.C. Bar #298190
5335 Wisconsin Avenue NW             By: /s/ Kaitlin K. Eckrote
Suite 640                                          KAITLIN K. ECKROTE
Washington, DC 20015                       D.C. Bar #1670899
                                                         Assistant United States Attorney
Counsel for Plaintiff                           601 D Street NW
                                                         Washington, DC 20530
                                                         (202) 252-2485

                                                         Counsel for the United States of America

3